IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Plaintiff<br>F.D.I.C.<br>v. | Case No: 13 C 5888<br><br>Judge Virginia M. Kendall |
| Defendant<br>Drextel Amy et al | |

### ORDER

Smith's motion to dismiss [24] is denied.

(T:) **STATEMENT**

Defendant Thurman Smith moved to dismiss the three-count complaint filed against him by the Federal Deposit Insurance Corporation (the "FDIC"). The FDIC, as receiver for ShoreBank, alleges that ShoreBank suffered losses due to loans approved by Smith and his co-defendants in violation of ShoreBank's loan policy, underwriting guidelines, and prudent loan practices. Smith claims that the business judgment rule bars the FDIC's state-law claims for negligence and breach of fiduciary duty, as well as the FDIC's claim for gross negligence under 12 U.S.C. § 1821(k), the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"). Smith also claims that the FDIC failed to allege facts that state claims for negligence, breach of fiduciary duty, or gross negligence under 12 U.S.C. § 1821(k), and that the breach of fiduciary claim is duplicative of the negligence claim. This Court denies Smith's motion because the FDIC has pled sufficient facts to state claims for negligence, breach of fiduciary duty, and gross negligence under 12 U.S.C. § 1821(k).

This Court takes the following well-pleaded allegations from the Complaint and treats them as true for purposes of this motion. The Illinois Department of Financial and Professional Regulation appointed the FDIC as receiver for ShoreBank on August 20, 2010. (Dkt. No. 1 at ¶ 5.) ShoreBank suffered losses of more than $73,000,000 because of twenty-eight loans approved in violation of ShoreBank's loan policy, underwriting guidelines, and prudent lending practices between December 2005 and June 2009. (*Id.* at ¶ 1.) Smith served as a Senior Vice President at ShoreBank and Chief Lending Officer from May 2005 to March 2008, as Chief Credit Officer at ShoreBank from May 2005 to January 2008, and as Chairman of the Business Banking Loan Committee from July 2005 to March 2008. (*Id.* at ¶ 9.) While serving in these roles, Smith and other officers approved several loans without exercising due care, following ShoreBank's loan policy, or adhering to prudent, safe, and sound lending practices. (*See, e.g.*, *id.* at ¶¶ 163, 170, 177, 212, 217, and 224.) Specifically, Smith failed to obtain and file requisite borrower and guarantor financial information; relied on outdated, unverified, and inadequate financial information for borrowers and guarantors; failed to perform or ensure that someone performed global cash flow analyses prior to loan approval; failed to properly assess the repayment ability of borrowers or guarantors; failed to ensure that sufficient collateral secured loans; failed to obtain appraisals prior to loan origination; and permitted debt

service coverage ratios below minimum requirements. (*See*, *e.g.*, *id.* at ¶¶ 163, 170, 177, 212, 217, and 224.)

A complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the complaint contains factual content that supports a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* This requires enough factual content to create a reasonable expectation that discovery will reveal evidence of wrongdoing, and sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). For purposes of this motion, this Court accepts the FDIC's well-pleaded allegations as true and draws all reasonable inferences in FDIC's favor. *See Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013).

The elements underlying each of the FDIC's claims are similar in that each claim requires allegations concerning duty, a breach of that duty, proximate cause, and damages. *See FDIC v. Mahajan*, No. 11 C 7590, 2012 WL 3061852 at *4 (N.D. Ill. July 26, 2012) (citing *FDIC v. Spangler*, 836 F.Supp.2d 778, 785 (N.D. Ill. 2011). The applicable standard of care here "is that which ordinarily prudent and diligent persons would exercise under similar circumstances." *See Spangler*, 836 F.Supp.2d at 785 (discussing allegations of negligence, breach of fiduciary duty, and gross negligence under 12 U.S.C. § 1821(k) related to bad loans) (quoting *FDIC v. Bierman*, 2 F.3d 1424, 1427 (7th Cir. 1993)). Gross negligence differs from negligence in that it is greater than negligence but falls short of willful, wanton, or reckless conduct. *See Mahajan*, 2012 WL 3061852 at *4; *see also FDIC v. Giannoulias*, 918 F.Supp.2d 768, 771-72 (N.D. Ill. 2013).

Here, the FDIC has sufficiently pled each of the elements of each of its claims. According to the FDIC, Smith had a duty as an officer of ShoreBank to exercise due care, to follow ShoreBank's loan policy, and to follow prudent lending practices. The FDIC alleges that Smith did not do so in connection with a number of loans and that his failure to do so resulted in significant monetary losses to ShoreBank. For example, the FDIC alleges that Smith approved a loan for $1,650,000 to a church in poor financial condition, which had no ability to repay the loan, and guaranteed by three guarantors who had a combined net worth of $221,000 between them. This allegation supports an inference that Smith was more than negligent in approving this loan. Accordingly, this Court finds that the FDIC's detailed complaint, which describes ShoreBank's loan policy and the six loans Smith approved, states claims for negligence, breach of fiduciary duty, and gross negligence under 12 U.S.C. § 1821(k).

This Court further finds that the FDIC has properly pled its claim for breach of fiduciary duty in the alternative. Federal Rule of Civil Procedure 8(d)(2) allows a party to "set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." That is what the FDIC has done here with respect to its claims for breach of fiduciary duty and gross negligence under 12 U.S.C. § 1821(k), both of which it clearly designated as "in the alternative." This Court has previously determined that a party may plead a claim for breach of fiduciary duty in the alternative to a claim for negligence. *Mahajan*, 2012 WL 3061852 at *6. Other courts in this district have done the same. *See*, *e.g.*, *Giannoulias*, 918 F.Supp.2d at 774-75. Therefore, this Court rejects Smith's claim that the breach of fiduciary duty claim is duplicative of the negligence claim.

This Court also rejects Smith's claim that the business judgment rule bars the FDIC's claims. This Court previously characterized the business judgment rule as an affirmative defense. *Mahajan*, 2012 WL 3061852 at *7. As an affirmative defense, it is inappropriate to consider the business judgment rule at this stage in the case. *See id.*

But even if this Court were to consider the business judgment rule at this time, the FDIC's claims against Smith would survive. "It is a 'prerequisite to the application of the business judgment rule that the directors exercise due care in carrying out their corporate duties. If directors fail to exercise due care, then they may not use the business judgment rule as a shield to their conduct.'" *See FDIC v. Elmore*, 13 C 1767, 2013 WL 6185236 at *5 (N.D. Ill. Nov. 22, 2013) (quoting *Davis v. Dyson,* 387 Ill.App.3d 676, 694 (Ill. App. Ct.2008); *see also Selcke v. Bove*, 692 N.E. 2d 747, 750 (Ill. App. Ct. 1994) (holding that business judgment rule applies to officers as well as directors). Because the FDIC has sufficiently alleged that Smith failed to exercise due care, Smith's argument that the business judgment rule bars the FDIC's claims fails.

For these reasons, this Court denies Smith's motion to dismiss.

Date: March 13, 2014                         /s/ Virginia M. Kendall